**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**
**DOCKETING STATEMENT--CIVIL/AGENCY CASES**

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | No. 26-1917, Patricia Bandy v. Monroe Capital Corp. |
| **Originating No. & Caption** | No. 25-cv-02474-SAG, Justin Keller v. Monroe Capital Corp. |
| **Originating Court/Agency** | U.S. District Court for the District of Maryland |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 9 U.S.C. § 16(a) | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | June 15, 2026 | |
| Date notice of appeal or petition for review filed | July 13, 2026 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ○ Yes | ⦿ No |

If appeal is not from final judgment, why is order appealable?

The order denied in part a motion to compel arbitration under the Federal Arbitration Act and thus that portion fo the order is subject to interlocutory appeal under 9 U.S.C. § 16(a).

**Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.)

| | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ☉ Yes | ○ No |
| Has transcript been filed in district court? | ☉ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ☉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ☉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ☉ Yes | ○ No |
| Does case involve question of first impression? | ☉ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ☉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

As alleged, Plaintiff-Appellee entered into a forward-listing agreement (FLA), which included a broad arbitration provision and delegation clause, with a real estate brokerage agency called MV Realty and/or its affiliates, none of whom is a party here. Appellee alleges that Defendants-Appellants (lenders of MV Realty) engaged in concerted misconduct with MV Realty and brings claims based upon and/or relating to the FLAs. Appellants, nonsignatories to the FLAs, moved to compel arbitration based on state-law equitable estoppel principles.

Relevant here, the district court granted Appellants' motion to compel arbitration as to plaintiffs from Maryland, but denied the motion with respect to Appellee, a resident of North Carolina. According to the court below, the difference was because, shortly before argument on the motion to compel, MV Realty (a non-party here, but signatory to the FLA) entered into a consent judgment with the State of North Carolina in a state court proceeding to which Appellants were not parties. As part of the consent judgment, MV Realty agreed the FLAs "are wholly unenforceable against North Carolina Consumers." The district court reasoned that Appellants, therefore, failed to establish the existence of a binding contract to arbitrate as the contract was now unenforcable by the signatory.

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
| --- |
| When a signatory agrees not to enforce a contract under a consent judgment in a separate proceeding, is the effect of the consent judgment on the ability of a third party to enforce an arbitration provision in the contract, which includes a broad express delegation clause, a question for the court to decide or a question for the arbitrator?<br><br>If a court should decide, does such a consent judgment bar a third party from invoking state equitable estoppel principles to compel a different signatory to arbitration, where the third party could have otherwise enforced the arbitration agreement under those principles? |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) | |
| --- | --- |
| Adverse Party: Patricia Bandy<br><br>Attorney: Drew LaFramboise<br>Address: Joseph, Greenwald & Laake, P.A.<br>6404 Ivy Lane, Suite 400<br>Greenbelt, MD 20770-1417<br><br>E-mail: dlaframboise@jgllaw.com<br><br>Phone: (240) 553-1209 | Adverse Party:<br><br>Attorney:<br>Address: NOTE: The other plaintiffs in this case are not parties to the appeal/appellees. Thus, the case caption should specify Patricia Bandy as the only appellee.<br><br>E-mail:<br><br>Phone: |
| **Adverse Parties (continued)** | |
| Adverse Party:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: Monroe Capital Corporation<br><br>Attorney: Tyler J. Domino<br>Address: Sidley Austin LLP<br>787 7th Ave<br>New York, NY 10019<br><br>E-mail: tdomino@sidley.com<br><br>Phone: 212 839 5982 | Name: Monroe Capital BDC Advisors, LLC<br><br>Attorney: Tyler J. Domino<br>Address: Sidley Austin LLP<br>787 7th Ave<br>New York, NY 10019<br><br>E-mail: tdomino@sidley.com<br><br>Phone: 212 839 5982 |

| **Appellant (continued)** | |
|---|---|
| Name: Monroe Capital Management Advisors, LLC<br><br>Attorney: Tyler J. Domino<br>Address: Sidley Austin LLP<br>787 7th Ave<br>New York, NY 10019<br><br>E-mail: tdomino@sidley.com<br><br>Phone: 212 839 5982 | Name:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

**Signature:** [signature] **Date:** 07/30/2026

**Counsel for:** Defendants-Appellants

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on ____________ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |
| Signature: | Date: |