No. 26-1917

# United States Court of Appeals for the Fourth Circuit

PATRICIA BANDY,

*Plaintiff–Appellee,*

HALEY KARDUX; JUSTIN KELLER; ALEXEI MACK; AND RICHARD RILEY,

*Plaintiffs,*

*v.*

MONROE CAPITAL CORPORATION; MONROE CAPITAL BDC ADVISORS, LLC; AND MONROE CAPITAL MANAGEMENT ADVISORS, LLC,

*Defendants–Appellants.*

Appeal from the U.S. District Court
for the District of Maryland

## JOINT MOTION
## TO PLACE CASE IN ABEYANCE

Benjamin M. Mundel
Jacquelyn E. Fradette
Jacob Steinberg-Otter
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Tel.: (202) 736-8000
Fax: (202) 736-8711
bmundel@sidley.com
jfradette@sidley.com
jacob.steinbergotter@sidley.com

Tyler J. Domino
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Tel.: (212) 839-5300
Fax: (212) 839-5599
tdomino@sidley.com

*Counsel for Monroe Capital Corporation; Monroe Capital BDC Advisors, LLC; and Monroe Capital Management Advisors, LLC*

Drew LaFramboise
Lacey L. McMullan
JOSEPH, GREENWALD &
LAAKE, P.A.
6404 Ivy Lane
Suite 400
Greenbelt, MD 20770
Tel: (301) 220-2200
Fax: (301) 220-1214
dlaframboise@jgllaw.com
lmcmullan@jgllaw.com

Thomas W. Keilty
  (admission pending)
Nicholas C. Bonadio
  (admission pending)
KEILTY BONADIO
3904 Boston Street
Suite 403
Baltimore, MD 21224
Tel: (410) 469-9953
tkeilty@kblitigation.com
nbonadio@kblitigation.com

*Counsel for Patricia Bandy*

The parties, Appellants Monroe Capital Corporation, Monroe Capital BDC Advisors, LLC, and Monroe Capital Management Advisors, LLC (collectively, "Monroe"), and Appellee Patricia Bandy, respectfully request that the Court hold this appeal in abeyance pending the district court's resolution of certain non-appellee Plaintiffs' motion for reconsideration.

Monroe moved to compel Plaintiffs—each of whom resides in either Maryland, North Carolina, or Virginia—to arbitration under the doctrine of equitable estoppel. On June 15, 2026, the district court granted the motion in part (as to the three Maryland Plaintiffs), denied it in part (as to the North Carolina Plaintiff), and deferred ruling in part (as to the Virginia Plaintiff). *See* Dkt. Nos. 34–35. On June 29, 2026, the Maryland Plaintiffs moved for reconsideration of the portion of the court's order compelling them to arbitration. *See* Dkt. No. 37. On July 13, 2026, Monroe timely noticed this appeal under 9 U.S.C. § 16(a) of the portion of the order denying Monroe's motion as to the North Carolina Plaintiff (Appellee here). *See* Dkt. No. 40; *see also Nutraceutical Corp. v. Lambert*, 586 U.S. 188, 197 (2019) ("A timely motion for reconsideration filed within a window to appeal does not toll anything …."). If the district court grants

the Maryland Plaintiffs' motion (and, accordingly, denies Monroe's motion to compel arbitration as to additional Plaintiffs), Monroe intends to appeal that ruling as well.

"In the interest of docket control the Court may, either on its own motion or upon request, place a case in abeyance pending disposition of matters before this Court or other courts which may affect the ultimate resolution of an appeal." 4th Cir. R. 12(d). Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55.

Placing this case in abeyance until the district court resolves the pending motion for reconsideration is warranted. If the court were to grant the motion, it would be a denial of Monroe's motion to compel arbitration as to the Maryland plaintiffs and thus would be subject to interlocutory appeal as well. *See* 9 U.S.C. § 16(a). The appeal of such a ruling would present similar legal and factual issues as the present appeal; the

rulings would stem from the same motion in the same case, involve similarly situated parties, and arise from the similar factual allegations. Therefore, consolidating the appeals and briefing them together would be the most efficient use of the Court's and the parties' time and resources, and no party would be prejudiced. This Court has placed cases in similar postures in abeyance. *See, e.g.*, *Harman Min. Co. v. Dir., Off. of Workers' Comp. Programs*, 678 F.3d 305, 309 (4th Cir. 2012) (noting that court placed first appeal from Benefits Review Board determination in abeyance and later consolidated it with second appeal from Board's denial of petition for modification).

Accordingly, the parties respectfully request that the Court place the case in abeyance pending resolution of the Maryland plaintiffs' motion for reconsideration and vacate the current briefing schedule. The parties further request that the Court direct the parties to file a joint status report once the district court rules on the motion, or at any interval the Court deems proper, while the case is in abeyance. *See* 4th Cir. R. 12(d) ("If a case is held in abeyance for cases other than a Fourth Circuit case, the parties will be required to make periodic status reports.").

August 3, 2026

Respectfully submitted,

*/s/ Tyler J. Domino*

Benjamin M. Mundel
Jacquelyn E. Fradette
Jacob Steinberg-Otter
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005
Tel.: (202) 736-8000
Fax: (202) 736-8711
bmundel@sidley.com
jfradette@sidley.com
jacob.steinbergotter@sidley.com

Tyler J. Domino
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Tel.: (212) 839-5300
Fax: (212) 839-5599
tdomino@sidley.com

*Counsel for Monroe Capital Corporation; Monroe Capital BDC Advisors, LLC; and Monroe Capital Management Advisors, LLC*

*/s/ Drew LaFramboise*

Thomas W. Keilty
   (admission pending)
Nicholas C. Bonadio
   (admission pending)
KEILTY BONADIO
3904 Boston Street
Suite 403
Baltimore, MD 21224
Tel: (410) 469-9953
tkeilty@kblitigation.com
nbonadio@kblitigation.com

Drew LaFramboise
Lacey L. McMullan
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane
Suite 400
Greenbelt, MD 20770
Tel: (301) 220-2200
Fax: (301) 220-1214
dlaframboise@jgllaw.com
lmcmullan@jgllaw.com

*Counsel for Patricia Bandy*

## CERTIFICATE OF SERVICE

On August 3, 2026, I caused a copy of this brief to be filed with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

/s/ Tyler J. Domino
Tyler J. Domino

## CERTIFICATE OF COMPLIANCE

This motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) be-cause it has been prepared in a proportionally spaced type-face using Microsoft Word in 14-point Century Schoolbook font. The motion complies with Rule 27(d)(2)(A) because it contains 624 words, excluding the sections listed in Rule 32(f).

/s/ Tyler J. Domino
Tyler J. Domino